UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID F. McNAUGHTON

                Plaintiff,

           Case No. 15-CV-233-FPG

v.

           DECISION AND ORDER

COUNTY OF CHAUTAUQUA;
CHAUTAUQUA COUNTY SHERIFF
JOSEPH A. GERACE;
CHAUTAUQUA COUNTY SHERIFF'S OFFICE;
FAMILY HEALTH MEDICAL SERVICES, PLLC;
ROBERT BERKE, M.D.;
RODERICK HUNT, PA-C;
ZENITH MEDICAL, P.C.;
CONRAD WILLIAMS, M.D.,

                Defendants,

## INTRODUCTION

Plaintiff David F. McNaughton ("McNaughton") commenced this action against the County of Chautauqua, Chautauqua County Sheriff Joseph A. Gerace, Chautauqua County Sheriff's Office (collectively "County Defendants"); Family Health Medical Services, PLLC ("Family Health"); Robert Berke, M.D. ("Berke"); Roderick Hunt, PA-C ("Hunt") (collectively "Family Health Defendants"); Zenith Medical, P.C. ("Zenith"); and Conrad Williams, M.D. ("Williams"). In general, McNaughton alleges that the Defendants failed to provide him with adequate medical care, and that he suffered injuries as a result. ECF No. 1-1.

The County Defendants removed this action from New York State Supreme Court, County of Chautauqua on March 18, 2015 to this Court (ECF No. 1), and on August 18, 2015, Williams filed a Motion to Dismiss, purportedly on behalf of himself and Zenith. ECF No. 9.

McNaughton, the Family Health Defendants and the County Defendants all oppose the Motion, (ECF Nos. 12, 15, 16), and for the following reasons, the Motion is denied.

## BACKGROUND

The following facts are drawn from the Complaint (ECF No. 1-1) filed in this action. McNaughton was incarcerated at the Chautauqua County Jail from September 2012 to April 15, 2013, and again from July 5, 2013 to September 2013. On or about October 12, 2012, January 26, 2013, February 19, 2013, and July 9, 2013, McNaughton received injectable medication at the Chautauqua County Jail for pains in his lower back and left shoulder.

During the first incarceration period, McNaughton alleges he contracted fungal meningitis from these injections. McNaughton communicated his worsening pain to personnel at the Chautauqua County Jail, but was not provided a doctor for diagnosis or treatment.

On or about May 15, 2013, while McNaughton was not in custody, he was involved in a motor vehicle accident while riding a bicycle. McNaughton sought treatment from Williams, an employee of Zenith. Williams ordered a lumbar MRI on or about June 21, 2013, which displayed an abnormal signal with displacement of the spinal cord, arachnoiditis of the cauda equine, and abnormalities of intervertebral discs. The MRI report recommended follow-up examinations, but Williams and Zenith allegedly did not order the additional examinations. On approximately July 9, 2013, while McNaughton was again in custody, agents, servants, or employees of Williams and/or Zenith faxed to the Chautauqua County Jail McNaughton's medical records, which included the MRI report.

On or about September 23, 2013, McNaughton was in the custody of Erie County and admitted to Erie County Medical Center after falling. *Id.* Surgery to remove an abscess from his spine was performed, and resulted in McNaughton becoming a T5 paraplegic. *Id.*

2

DISCUSSION

I.  Representation of Zenith

Before addressing the merits of the Motion to Dismiss, the threshold issue to be addressed is whether Williams may bring this Motion to Dismiss on behalf of Zenith, in addition to bringing it on his own behalf. There is no doubt that Williams may represent himself *pro se*. 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally [i.e., *pro se*,] or by counsel." At the same time, the general rule is also that *pro se* litigants may not represent anyone other than themselves in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654…does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Put another way, "a lay person cannot represent a separate legal entity such as a corporation." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007).

Because Williams is not a licensed attorney, he may not represent the professional corporation Zenith. As a result, the Court will not consider any filings made by Williams purportedly on behalf of Zenith.

II.  Motion to Dismiss

Williams' Motion to Dismiss does not specify the basis for his application, but liberally construing his *pro se* submission, the Court views the Motion to Dismiss as one brought under Fed. R. Civ. P. 12(b)(6).

To succeed on a motion to dismiss for failure to state a claim upon which relief may be granted, a defendant must show that the factual allegations of the complaint fail to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "[A] claim

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plaintiff must provide the grounds upon which his claim rests through "factual allegations sufficient to raise a right to relief above the speculative level." *Rojas v. Roman Catholic Diocese of Rochester*, 557 F. Supp. 2d 387, 393 (W.D.N.Y. 2008).

In determining a motion to dismiss, courts must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact."). However, "bald assertions and conclusions of law will not suffice." *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126 (2d Cir. 2007) (citing *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)).

The Complaint alleges that McNaughton sought medical treatment from Williams, and that Williams ordered an MRI which revealed "abnormal signal displacement of the spinal cord, along with arachnoiditis of the cauda equine, and abnormalities of the intervertebral discs." ECF No. 1-1. The Complaint continues to allege that the MRI report recommended follow-up examinations, yet Williams failed to order additional imaging studies or otherwise treat McNaughton. *Id.* Assuming the truth of these facts, as the Court must for this application, the Complaint alleges facially plausible facts that, if proven, could demonstrate Williams' liability for his alleged medical negligence.

The Court would also note that Williams' Motion to Dismiss primarily asks the Court to accept his version of the facts over those pled in the Complaint. The Court cannot do that. At this stage of the litigation, the Court is prohibited from making factual determinations, and

instead, must accept the well pleaded facts as true. Because the well pleaded facts of the Complaint state a plausible claim for relief, Williams' Motion to Dismiss must be denied.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss brought by Williams purportedly on behalf of himself and Zenith is limited to Williams, and the Motion (ECF No. 9) is DENIED.

IT IS SO ORDERED.

DATED:  Rochester, New York
        January 8, 2016

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court