UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID F. MCNAUGHTON,

       Plaintiff,

v.                Case # 15-CV-0233-FPG

                  DECISION & ORDER

COUNTY OF CHAUTAUQUA, et al,

       Defendants.
_____

## INTRODUCTION

  Plaintiff David F. McNaughton brought this action against the County of Chautauqua, the Chautauqua County Sheriff's Office, Sheriff Joseph A. Gerace ("the County Defendants"), Doctor Robert Berke, Doctor Conrad Williams, Physician's Assistant Roderick Hunt, Family Health Medical Services, PLLC, and Zenith Medical, P.C. *See* ECF No. 1. McNaughton alleges that the defendants are civilly liable to him for medical malpractice, negligence, and Eighth Amendment violations under 42 U.S.C. § 1983. *See* ECF No. 1. On January 1, 2017, the County Defendants moved to dismiss the complaint. *See* ECF No. 43. For the reasons stated below, the County Defendants' motion to dismiss is GRANTED.

## BACKGROUND

  David F. McNaughton alleges that, on October 12, 2012, while incarcerated in the Chautauqua County Jail, he received a course of medical treatment for lower back and left shoulder pain. *See* ECF No. 1. That medical treatment was provided by Defendants Burke, Hunt, and Family Health Medical as subcontractors of Chautauqua County Jail. *Id.* That treatment included a series of injections of medication. *Id.* McNaughton alleges that, through those injections, he

1

contracted fungal meningitis. *Id.* McNaughton alleges that he reported experiencing worsening pain to county officials, but was not permitted to see a doctor for treatment or diagnosis while incarcerated. *Id.* On April 15, 2013, McNaughton was released from custody. *Id.*

One month later, McNaughton was involved in a bike accident. *Id.* McNaughton alleges that, following that accident, he sought treatment from Defendant Williams, an employee of Defendant Zenith Medical. *Id.* On June 21, 2013, Williams ordered a lumbar MRI. *Id.* The MRI displayed an abnormal signal with displacement of the spinal cord, arachnoiditis of the cauda equine, and abnormalities of intervertebral discs. *Id.* The MRI report recommended follow-up examinations, but McNaughton alleges that Williams and Zenith did not order additional examinations. *Id.* On July 5, 2013, McNaughton was again incarcerated in Chautauqua County Jail. *Id.*

On July 9, 2013, Zenith Medical faxed McNaughton's medical records, including the MRI report, to Chautauqua County Jail. *Id.* Around this time, McNaughton alleges that he complained to jail officials of numbness, tingling, and pain in his spine and lower body. *Id.* McNaughton alleges that he, again, was not permitted to see a doctor for treatment or diagnosis. *Id.* Sometime prior to September 2013, McNaughton was transferred from Chautauqua County Jail to Erie County. *Id.* On September 23, 2013, while in the custody of Erie County, McNaughton was admitted to the Erie County Medical Center. *Id.* Doctors there performed surgery on McNaughton to remove an abscess from his spine. *Id.* As a result, McNaughton is a "T5 paraplegic." *Id.*

On February 19, 2015, McNaughton initiated this action in New York State Supreme Court. *See* ECF No. 1. On March 18, 2015, the County Defendants removed the case to this Court. *Id.* On March 26, 2015, the County Defendants answered the complaint and asserted crossclaims against Defendants Berke, Hunt, and Family Health Medical Services. *See* ECF No.

3. On March 31, 2015, Defendants Berke, Hunt, and Family Health Medical Services filed their answer and crossclaims against the other defendants. *See* ECF No. 5. On August 18, 2015, Defendant Williams filed a motion to dismiss. *See* ECF NO. 9. The Court denied that motion on January 11, 2016. *See* ECF No. 17. Currently before the Court is the County Defendants' motion to dismiss. *See* ECF No. 43. McNaughton's response to the County Defendants' motion was originally due by February 20, 2017. *See* ECF No. 44 (Text Scheduling Order). On February 17, 2017, McNaughton moved for an extension of time to respond, *see* ECF No. 45, and the Court granted that request on February 22, 2017. *See* ECF No. 49. McNaughton's response was then due by March 2, 2017. *See id.* McNaughton has not filed a response. On March 27, 2017, the County Defendants filed a supplemental memorandum in support of their motion in light of McNaughton's failure to respond. *See* ECF No. 53.

## DISCUSSION

The County Defendants move under Federal Rule of Civil Procedure 12(c) to dismiss McNaughton's medical malpractice and negligence claims against all defendants as well as McNaughton's Eighth Amendment claim against Sheriff Gerace and the Chautauqua County Sheriff's Office. *See* ECF No. 43.

"In deciding a Rule 12(c) motion, we employ the same standard applicable to dismissals pursuant to Rule 12(b)(6)." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011) (internal citations and quotation marks omitted). Accordingly, the County Defendants must show that the complaint contains insufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Plausibility "is not akin to a probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* A pleading that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal quotation marks omitted); *see also Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.").

Regarding McNaughton's failure to respond to the County Defendants' motion, in the Second Circuit, "failure to respond to a 12(c) motion cannot constitute default justifying dismissal of the complaint." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) (internal quotation marks and citations omitted). Because the Court assumes the truth of the plaintiff's pleadings, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Id.* at 232-33. If the complaint sufficiently states a claim on which relief can be granted, the plaintiff's failure to respond does not warrant dismissal. *Id.*

### I. Liability of the Chautauqua County Sheriff's Office

The County Defendants argue that all claims against the Chautauqua County Sheriff's Office must be dismissed. *See* ECF No. 43 at 11. The County Defendants argue that, because the police department is considered an "administrative arm" of the municipality, it lacks the capacity to be sued separately. *Id.* The Court agrees. "Under New York law, a municipality's police department is considered to be an 'administrative arm' of the municipality, with no legal identity separate and apart from the municipality itself." *Cash v. Cty. of Erie*, No. 04-CV-0182, 2007 WL 2027844, at *6 (W.D.N.Y. July 11, 2007). Accordingly, the claims against the Sheriff's Office must be dismissed. *See id.*

### II. McNaughton's Failure to Comply with Notice of Claim Statutes

The County Defendants argue that portions of McNaughton's medical malpractice and negligence claims must be dismissed against the County Defendants because McNaughton failed to comply with New York's Notice of Claim requirements. *See* ECF No. 43 at 10. Specifically, the County Defendants assert that, although the Notice of Claim articulated theories of liability for medical malpractice and negligence arising out of failure "to properly maintain, handle, and/or administer injectable medications and equipment," it did not articulate theories of liability for medical malpractice or negligence arising out of failure to diagnose. *Id.* For that reason, the County Defendants argue that McNaughton's medical malpractice and negligence claims against the County Defendants must be limited to failure "to properly maintain, handle, and/or administer injectable medications and equipment." The Court agrees.

New York's Notice of Claim statute requires a plaintiff to file a Notice of Claim for tort claims brought against a municipality. *See Lewis v. Livingston Cty. Ctr. for Nursing and Rehab.*, 30 F. Supp. 3d 196, 207 (W.D.N.Y. 2014). "[I]n a federal court, state notice-of-claim statutes

apply to state-law claims." *Hardy v. New York City Health & Hosps., Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (emphasis omitted). Further, it applies to theories of liability made within the scope of those state law claims. *Jewell v. City of New York*, No. 94-CV-5454, 1995 WL 86432, at *1 (S.D.N.Y. Mar. 1, 1995) ("Any theory of liability omitted from the notice of claim may not be included in a subsequent lawsuit."). Notice of Claim requirements "are construed strictly by New York state courts, and failure to abide by their terms mandates dismissal of the action." *Id.* at 208.

On December 27, 2013, McNaughton filed his first Notice of Claim. *See* ECF No. 43, Ex. A. McNaughton's Notice of Claim asserted that Defendant Hunt, at the Chautauqua County Jail, "administered two sets of injections into claimant's spine . . . after which claimant began to get sores on his lip, dizziness, headaches, weakness and balance problems." *Id.* The Notice of Claim further stated that "the fluid in his spine caused paralysis from the chest down and that said paralysis was caused by the previous injections he received at the jail." *Id.* The Notice of Claim attributed the injuries to

> the negligence of the . . . Chautauqua County Jail . . . [in] failing to properly conduct and supervise the medical personnel providing treatment to the inmates at the facility, including failing to properly conduct and supervise the injections . . . to ensure that [Defendant Hunt] was utilizing safe and appropriate equipment and procedures to administer the injections, and that the injections were from a safe and clean batch, and failing to utilize the appropriate procedures and equipment to administer injections so as to prevent injuries to the claimant.

*Id.*

On March 13, 2014, McNaughton filed a second Notice of Claim. *See* ECF No. 43, Ex. A. The second Notice of Claim stated that McNaughton's injuries "were caused as a result of the negligence, carelessness, recklessness, and/or unlawful conduct" by the County Defendants and their agents "in failing to properly maintain, handle, and/or administer injectable medications and

6

equipment used to administer the same." *Id.* The second Notice of Claim stated that the County Defendants "knew or should have known that such medications and/or the equipment used to administer the same were contaminated with pathogens that cause fungal meningitis." *Id.*

Because McNaughton's Notices of Claim failed to mention theories of malpractice and negligence liability rooted in the County Defendants' failure to diagnose, and because McNaughton can no longer amend his Notice of Claim, McNaughton's state law claims against those defendants are limited to liability arising out of the injection of medication. *See Jewell*, 1995 WL 86432, at *1; *see also Clare-Hollo v. Finger Lakes Ambulance EMS, Inc.*, 99 A.D.3d 1199, 1201 (4th Dep't 2012) ("It is well settled that a plaintiff may not . . . assert new theories of liability against a municipal defendant if such theories were not raised in the plaintiff's notice of claim and the plaintiff is time-barred from serving a late-notice of claim."); *Crippen v. Town of Hempstead*, No. 07-CV-3478, 2009 WL 803117, at *17 (E.D.N.Y. 2009) (noting that "district courts in the Second Circuit have routinely found that they lack jurisdiction to even consider" an application for an extension of time to serve a notice of claim).

### III. State Law Claims Against County Defendants

The County Defendants argue that McNaughton's medical malpractice and negligence claims must be dismissed against the County Defendants because McNaughton does not allege that the County Defendants were directly involved in the challenged conduct and the County Defendants cannot be held liable under a theory of *respondeat superior*. *See* ECF No. 43 at 29-30. The Court agrees.[1]

---

[1] The County Defendants also assert other grounds for dismissal of the state law claims, but because the Court finds McNaughton fails to allege that the County Defendants are directly liable and because the County Defendants cannot be held liable under *respondeat superior*, there is no need to address the County Defendants' other arguments for dismissal.

Regarding his medical malpractice claim against the County Defendants, McNaughton alleges that "[t]he County Defendants . . . through their agents, servants, employees, associates, and/or subcontractors carelessly and negligently rendered medical care and treatment to the plaintiff while incarcerated at the Chautauqua County Jail, which []was not in accordance with good and accepted medical practice." *See* ECF No. 1 at ¶ 48. He also alleges that

> The County Defendants . . . through their agents, servants, employees, associates, and/or subcontractors carelessly and negligently rendered medical care and treatment to the plaintiff, by failing to properly handle the injectable medication and device used to administer said injectable medication and/or failing to properly clean plaintiff's skin prior to the administration of said injectable medication.

*Id.* at ¶ 50. Regarding his negligence claim against the County Defendants, McNaughton alleges that the "County Defendants . . . through their agents, servants, employees, associates, and/or subcontractors as well as the staff and personal under the direction of the defendants, were negligent in performing their duties." *Id.* at ¶ 61.

As an initial matter, McNaughton does not allege that either the County of Chautauqua or Sheriff Gerace are directly liable for malpractice or negligence. His allegations simply fail to implicate the County of Chautauqua or Sheriff Gerace in the conduct that he challenges. Additionally, neither the County of Chautauqua nor Sheriff Gerace can be held liable under a theory of *respondeat superior*. *See Barnes v. Cty. of Monroe*, 85 F. Supp. 696, 717-18 (W.D.N.Y. 2015) (citing *D'Amico v. Corr. Med. Care, Inc.,* 120 A.D.3d 956, 959 (4th Dep't 2014)) ("To the extent Plaintiff is attempting to assert claims under New York State law, his claims fail. Monroe County has not assumed liability for the acts of the Sheriff or his deputies by local law, and therefore the County cannot be held liable to the extent Plaintiff is alleging a state law claim based upon a *respondeat superior* theory."); *see also id.* at 719 (citing *Schulik v. Cnty. of Monroe,* 202

A.D.2d 960, 961 (4th Dep't 1994)) ("It is well settled that 'the Sheriff cannot be held personally liable on the basis of *respondeat superior* for the alleged negligent acts of his deputies.' "). Accordingly, McNaughton's state law claims against the County of Chautauqua and Sheriff Gerace are dismissed.

**IV.     Eighth Amendment Claim Against County Defendants**

The County Defendants argue that McNaughton's Eighth Amendment claim must be dismissed against Sheriff Gerace because McNaughton fails to allege that Sheriff Gerace was personally involved in the challenged conduct. *See* ECF No. 43 at 9. The Court agrees.

McNaughton seeks relief for the alleged Eighth Amendment violation under 42 U.S.C. § 1983. *See* ECF No. 1. Section 1983 imposes civil liability on any person who, under the color of state law, deprives another person of any federal or constitutional "rights, privileges or immunities." 42 U.S.C. § 1983. McNaughton alleges that the defendants, including Sheriff Gerace, violated his Eighth Amendment right by failing to provide him with adequate medical treatment. ECF No. 1. To sustain such a claim, Plaintiff must demonstrate that Defendants were deliberately indifferent to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

This standard includes both an objective and subjective prong. "First, the alleged deprivation must be, in objective terms, sufficiently serious." *Chance*, 143 F.3d at 702 (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)) (internal quotation marks omitted). Second, Plaintiff must establish that Defendants acted "with a sufficiently culpable state of mind." *Id.* The second prong is satisfied only when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. The official must "be aware of facts from

9

which the inference could be drawn that a substantial risk of serious harm exists" and also "draw the inference." *Id.*

McNaughton's complaint fails to satisfy that standard with regard to Sheriff Gerace. McNaughton does not allege that Sheriff Gerace knowingly disregarded an excessive risk to his health and safety. Indeed, McNaughton does not allege that Sheriff Gerace was personally involved in the challenged conduct, let alone aware of the details of his medical condition and treatment. Simply put, McNaughton alleges no facts that implicate the involvement of Sheriff Gerace in any of the conduct underlying his Eighth Amendment claim. For that reason, the Eighth Amendment claim is dismissed against Sheriff Gerace.

### V. Crossclaims Against County Defendants

Defendants Berke, Hunt, and Family Health filed a crossclaim against the County Defendants. *See* ECF No. 5. The crossclaim asserted that if McNaughton "recovers a verdict against [Defendants Berke, Hunt, and Family Health], these said defendants request the Court to have the liability of all defendants and any other tortfeasors and their various culpability apportioned among them pursuant to Article 14 of the Civil Practice Law and Rules." *Id.* at 5. Defendants Berke, Hunt, and Family Health argue that, even if McNaughton's claims against the County Defendants are dismissed, their crossclaim against the County Defendants should not be dismissed. *See* ECF No. 48. But Defendants Berke, Hunt, and Family Health plead no factual allegations against the County Defendants beyond those contained in McNaughton's complaint. *See* ECF No. 5. Thus, the reasons underlying the dismissal of McNaughton's claims against the County Defendants apply with equal force to the crossclaim filed by Defendants Berke, Hunt, and Family Health. *See Lopez v. United States*, No. 15-CV-9695, 2016 WL 7156773, at *11 (S.D.N.Y. Dec. 7, 2016) (dismissing crossclaims for failure to state a claim). Accordingly, the crossclaims

against Sheriff Gerace and the Chautauqua County Sherrif's Office are dismissed. To the extent that Defendants Berke, Hunt, and Family Health asserted a crossclaim against the County of Chautauqua for liability arising from McNaughton's § 1983 claim against it, that crossclaim may proceed.

## CONCLUSION

For these reasons, the County Defendants' motion to dismiss (ECF No. 41) is GRANTED. Defendants Chautauqua County Sheriff's Office, and Sheriff Joseph A. Gerace are dismissed from this action. The crossclaims against those defendants are also dismissed. Additionally, the state law claims against the County of Chautauqua are dismissed.

IT IS SO ORDERED.

Dated: October 7, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court